RECEIVED
MAR 22 2021
BY MAIL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# _____ DIVISION

| | |
|---|---|
| SHAWN HENRY SCRIVENS #505119 ) | |
| ) | |
| *(Write the full name of the plaintiff in this action.* ) | Case No: _____ |
| *Include prisoner registration number.)* ) | *(to be assigned by Clerk of District Court)* |
| ) | |
| **v.** ) | Plaintiff Requests Trial by Jury |
| Advanced Correctional Healthcare, Inc. et al. ) | [X] Yes   [ ] No |
| Dr. (unknown) Burris ) | |
| Dr. Karen Doerry | |
| Nurse Lisa Kelly ) | |
| Sheriff Rick Lisenbe ) | |
| Jail Administrator Matt Schultz ) | |
| ) | |
| *(Write the full name of each defendant. The caption* ) | |
| *must include the names of **all** of the parties.* ) | |
| *Fed. R. Civ. P. 10(a). Merely listing one party and* ) | |
| *writing "et al." is insufficient. Attach additional* ) | |
| *sheets if necessary.)* ) | |

## **PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983**

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.*

## I. The Parties to this Complaint

### A. The Plaintiff

Name: Shawn Henry Scrivens

Other names you have used: N/A

Prisoner Registration Number: 505119

Current Institution: Moberly Correctional Center, P.O. Box 7, Moberly, Missouri 65270

Indicate your prisoner status:

- [ ] Pretrial detainee
- [XX] Convicted and sentenced state prisoner
- [ ] Civilly committed detainee
- [ ] Convicted and sentenced federal prisoner
- [ ] Immigration detainee
- [ ] Other (explain): _____

### B. The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: Advanced Correctional Healthcare, Inc.

Job or Title: Contracted medical provider for jail inmates

Badge/Shield Number: N/A

Employer: Phelps County Sheriff's Department / Jail

Address: 120 S. Central Ave., Clayton, Missouri 63105

_____ Individual Capacity       xx Official Capacity

2

**Defendant 2**

Name: Dr. (unknown) Burris

Job or Title: Doctor

Badge/Shield Number: N/A

Employer: Advanced Correctional Healthcare, Inc.

Address: 500 West 2nd. Street, Rolla, Missouri 65401

[XX] Individual Capacity          [XX] Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

SEE: ATTACHED STATEMENT OF CLAIM - 5 pages

3

(No. 1 - Defendants continued)

Defendant 3

Name: Dr. Karen Doerry

Job or Title: Doctor

Employer: Advanced Correctional Healthcare, Inc.

Address: 500 West 2nd. Street, Rolla, Missouri 65401

　XX　Individual Capacity　　　　XX　Official Capacity

Defendant 4

Name: Lisa Kelly

Job or Title: Nurse

Employer: Advanced Correctional Healthcare, Inc.

Address: Employer's - 120 S. Central Ave., Clayton, Missouri 63105

　XX　Individual Capacity　　　　XX　Official Capacity

Defendant 5

Name: Dick Lisenbe

Job or Title: Phelps County Sheriff

Employer: Phelps County elected official

Address: 500 West 2nd. Street, Rolla, Missouri 65401

　XX　Individual Capacity　　　　XX　Official Capacity

Defendant 6

Name: Matt Schultz

Job or Title: Phelps County Jail Administrator

Employer: Phelps County Sheriff's Department

Address: 500 West 2nd. Street, Rolla, Missouri 65401

　XX　Individual Capacity　　　　XX　Official Capacity

STATEMENT OF CLAIM

Since approximatly 2020, Mr. Scrivens has been an insulin dependant diabetic relying on multiple daily insulin injections to control his diabetes.

On August 17, 2018, Phelps County Sheriff's Deputies arrested Mr. Scrivens at the family residence he shared with his elderly mother. Because of Mr. Scrivens' haelth issues and diabetes his mother provided the arresting officer, Deputy Derrick Lewis, with a complete 90 day supply of Mr. Scrivens' insulin, insulin syringes, and bloodsugar testing meter. Deputy Lewis transported Mr. Scrivens to the Phelps County Jail and gave his insulin supply to jail personel.

Advanced Correctional Healthcare, Inc. is contracted by the Phelps County Jail to provide healthcare/treatment for all inmates in that jail. (Hereafter known as ACH). There are two medical agents listed for ACH who "treat" inmates at that jail, Dr. (unknown) Burris, and Dr. Karen Doerry. Neither have an office at that jail and the normal method of their care/treatment is through verbal orders when contacted by phone or e-mail. Both doctors rotate and are considered "on-call doctors." Neither doctor makes any type of "rounds" to ensure adequate medical care is being provided to inmates in general or inmates with urgent needs such as Mr. Scrivens. Mr. Scrivens has never seen either doctor for evaluation, by appointment, or even in the jail. Even though ACH also employees two nurses for minor procedures such as sick-call, etc. ACH depends on random jail deputies to pass out inmate's daily medication at multiple medication passes during the day and to oversee insulin testing and injections. The random jail deputies are neither qualified to handle and pass out medications and are not certified to do so. When an inmate fills out a sick-call it is usually several weeks before being seen by the nurse leaving that inmate to just suffer through the medical problem without any type of timely, appropriate care.

3 - B

When filing a grievance complaint dealing with ACH, Nurse Kelly responds with either a "*" to clear the screen, false information, or fails to respond altogether (SEE: Exhibits A through P).

For the approximate first six weeks or incarceration Mr. Scrivens regularly received his multiple daily insulin injections. Mr. Scrivens was having difficuly receiving diabetic meals and an evening snack bag which is required for diabetics who may have a drop or spike in kkkkk their bloodsugar late at night. Not receiving a proper diabetic meal can affect a diabetic in many ways such as their normal routines, usual bloodsugar levels, and health in general. Even though a diabetic receives his insulin at normal times the lack of proper diabetic meals may cause sudden drops or spikes in the bloodsugar level. Mr. Scrivens made medical staff well aware of this problem and they failed to accomodate Mr. Scrivens even though ACH staff should be aware of this basis knowledge concerning diabetics, (SEE: Exhibits-Q through Z). Because of this indifference Mr. Scrivens was ill. The deputy doing med pass/insulin decided to inject Mr. Scrivens with a massive dose of a fast acting insulin known as REG. That jail deputy did so without authority or any type of medical supervision because of ACH's failure to provide adequate medical staff at the jail to normally conduct these procedures.

After receiving the massive dose of 30 units REG Mr. Scrivens layed down on his bunk. About an hour later a jail deputy was doing a security check and found Mr. Scrivens unresponsive. The massive dose of 30 units REG had caused Mr. Scrivens bloodsugar levels to bottom out which is both dangerous and can possibly cause death. Instead of calling for EMT's the jail personel contacted the "on-call" doctor about Mr. Scrivens condition. (Until Discovery can begin it is unknown which of the two doctors received the call) It is unclear if the jail personel contacting the doctor informed them of the fact an hour earlier a jail deputy had injected Mr. Scrivens

3 - C.

with the massive 30 unit dose of fast acting REG which would be an important factor for any medical decisions made afterward.

Instead of the on-call doctor ordering the jail personel to contact EMT's or the on-call doctor immediatly coming to the jail to assess Mr. Scrivens' condition the on-call doctor simply gave a verbal order to discontinue Mr. Scrivens insulin altogether. The on-call doctor, as an agent of ACH, was responsible for the well-being on Mr. Scrivens and his urgent need for medical care. The on-call doctor should also know that stopping an insulin dependant diabetic's insulin may cause permanent damage to the dibetic or even death. The on-call doctor was seemingly indifferent to any of these medical needs and Mr. Scrivens serious need for medical care. ACH was obviously neglectful in supervising their medical agents and ensuring they were providing adequate medical care to inmates at that jail. To supervise both inmates care and medical care/treatment Sheriff Lisenbe had made Matt Schultz the Jail Administrator to oversee daily jail operations which would its include ACH provided medical care/treatment, competently and timely, to fulfill their contactural obligations as the medical provider for that jail. The jail administrator was not supervising these individuals and allowing random jail personel to conduct med pass/insulin which must be conducted by certified medical personel provided by ACH. ACH failed to supervise their agents and hold them accountable and Jail Administrator Matt Schultz failed to be diligent and supervise the daily operations in the jail concerning inmate'sma medical care/treatment and hold people accountable for failing to complete their contract obligations. Sheriff Lisenbe is ultimatly responsible as the jail administrator is his agent to ensure the jail is ran smoothly and by the jail administrator's lack of supervision and accountability he either failed to inform Sheriff Lisenbe of the problems or Sheriff Lisenbe was informed and failed to correct the

3 - D.

problems in his jail making him complicit.

Mr. Scrivens' only avenue for immediate medical care was to call his mother and have her contact the Jail Administrator Matt Scultz which she attempted many times by calling him at the jail. On every call to Matt Scultz his mother was forwarded to voice mail as Matt Scultz never personally answered his phone. Matt Schultz was likely using this as a way to screen his many calls which concerned complaints from numerous outside individuals in relation to inmates in his jail.

Since submitting a sick-call was basically useless and would take weeks to even be seen Mr. Scrivens used his only other alternative which was filing formal grievances through the jail about his urgent need for insulin (SEE: Exhibits A through - P). Mr. Scrivens' health was quickly deteriorating and he was terribly sick from his lack of insulin to control his diabetes. ACH personel received these urgent complaints and requests for care and were well aware of the situation ACH agents had caused and were responsible for but simply allowed Mr. Scrivens to languish in this state and suffer due to discontinuence of his insulin. This entire medical problem was easily treated and only required Mr. Scrivens to receive his insulin which had been discontinued by ACH agents without so much as even evaluating Mr. Scrivens in person. ACH and their agents for that jail were both neglegent and obviously willfully deliberatly indifferent to Mr. Scrivens' medical care and need for treatment. After many weeks of begging for his insulin Mr. Scrivens began losing sight in his left eye due to lack of treatment and insulin for his diabetegkk diabetes (SEE: Exhibit- A, K, & P). ACH medical personel was made aware of these permanent side effects of untreated diabetes Mr. Scrivens was suffering and ACH agents should know they were allowing Mr. Scrivens to suffer permanent injury and loss of sight and could easily have avoided Mr. Scrivens the needless suffering and permanent damage to Mr. Scrivens organs/eyes. That is both deliberate indifference and medical neglect by agents

of Advanced Correctional Healthcare, Inc. With no other alternatives to aleviate his suffering from lack of care he accepted a plea agreement for charges he was not guilty of commiting for the sole purpose of being sentenced to the Missouri Dept. of Corrections to obtain medical treatment and insulin for his diabetes before more permanent damage occured or he died. Mr. Scrivens was willing to plead guilty to any crime in order to be taken out of the Phelps County Jail and to a facility that was going to provide his insulin such as the Missouri DOC.

The judge was aware of Mr. Scrivens reason for entering a guilty plea and was hesitant in allowing Mr. Scrivens to plead guilty under duress but Mr. Scrivens pleaded with the judge and finally the judge relented and allowed the plea of guilty so that Mr. Scrivens would be taken to the Missouri Dept. of Corrections on the following day to receive treatment. Mr. Scrivens was forced to chose between the DOC or many more months waiting for trial when he may well die from lack of care from ACH.

### III.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Diabetes exacerbated ~~~~~~~~~ tremendously with permanent loss of eye sight in left eye and permanent damage to internal organs.

4

## IV. Relief

State briefly and precisely what you want the Court to do for you. Do not make legal arguments. Do not cite any cases or statutes. If you are requesting money damages, include the amounts of any actual damages and/or punitive damages you are claiming. Explain why you believe you are entitled to recover those damages.

SEE: Attached IV. Prayer for relief

## V. Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

    A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        [X] Yes        [ ] No

If yes, name the jail, prison or other correctional facility where you were confined at the time of the events giving rise to your claim(s):

Phelps County Jail - 500 West 2nd. Street, Rolla, Missouri 65401

    B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        [X] Yes    [ ] No    [ ] Do not know

    C.    If yes, does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claims?

        [X] Yes    [ ] No    [ ] Do not know

5

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

1. A declaration that the acts and ommissions described herein violated plaintiff's rights under the Constitution and laws of the United States.
2. Compensatory damages in the amount of $1,000,000 against each defendant, jointly and severally.
3. Punitive damages in the amount of $5,000,000 against defendant Advanced Correctional Healthcare, Inc. and $30 $5,000,000 against defendant Sheriff Rick Lisenbe.
4. A jury trial on all issues triable by jury.
5. Plaintiff's costs in this suit.
6. Any additional relief this court deems just, proper, and equitable.

5 - A.

If yes, which claim(s)?   SEE: Exhibits A through Z

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[X] Yes          [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes          [ ] No

E. If you did file a grievance:

1. Where did you file the grievance?

Electronically through the jail's kiosk

2. What did you claim in your grievance? (*Attach a copy of your grievance, if available*)

SEE: Exhibits A through Z

3. What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

SEE: Exhibits A through Z

Denied medical care and treatment for diabetes

6

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

Only one level of grievance / can only appeal through another grievance

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

## VI.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

        ☐ Yes        ☒ No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

        ☒ Yes        ☐ No

NOTE: Claims were not correctly listed in prior law suit.

    B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

    1.    Parties to the previous lawsuit

    Plaintiff  Shawn Henry Scrivens

    Defendant(s)  Rick Lisenbe, Matt Schultz, Dr. Burris, Dr. Doerry, Cpl. Shane Rapaut, Lisa Kelly

    2.    Court (*if federal court, name the district; if state court, name the state and county*)

    U.S. District Court, Eastern District of Missouri, Eastern Division

    3.    Docket or case number  4:20-CV-1127 SRW

    4.    Name of Judge assigned to your case  SRW

8

5.  Approximate date of filing lawsuit __August 21, 2020__

6.  Is the case still pending?

    ☐ Yes   Unknown: Filed Motion To Dismiss w/o predjudice

    ☐ No (*If no, give the approximate date of disposition*):_____

7.  What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

    File Motion To Dismiss without predjudice

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

    ☐ Yes   ☒ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.  Parties to the previous lawsuit

    Plaintiff_____

    Defendant(s) _____

2.  Court (*if federal court, name the district; if state court, name the state and county*)

3.  Docket or case number _____

4.  Name of Judge assigned to your case _____

5.  Approximate date of filing lawsuit _____

9

6.    Is the case still pending?

☐ Yes

☐ No (*If no, give the approximate date of disposition*):_____

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

## VII.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __17__ day of ___March___, 20_21_.

Signature of Plaintiff

10