UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN HENRY SCRIVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-355-SRC |
| ) | |
| ADVANCED CORRECTIONAL ) | |
| HEALTHCARE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court upon its own motion. Self-represented plaintiff Shawn Henry Scrivens brings this action under 42 U.S.C. § 1983, alleging that he received deliberately indifferent medical care while detained at Phelps County Jail as an insulin-dependent diabetic. On the form complaint he submitted to initiate this matter, Scrivens states that he filed a previous action "dealing with the same facts involved in this action" in this Court in August 2020, but that he voluntarily dismissed that action because his "[c]laims were not correctly listed in prior law suit." Doc. 1 at p. 15. Furthermore, in a letter attached to his complaint in this matter, Scrivens states in reference to his dismissed lawsuit: "I filed to dismiss that law suit so that I may refile against some of the same defendants and clearly explain how each is involved and responsible." Doc. 1-2 at p. 1.

A review of the Court's records indicates that Scrivens filed a § 1983 action against five defendants associated with Phelps County Jail in August 2020. *Scrivens v. Lesenbee*, No. 4:20-cv-1127-SRC (E.D. Mo. Aug. 21, 2020). In that suit, Scrivens alleged that he received deliberately indifferent medical care for his diabetes while he was being held as a pretrial detainee at the Phelps County Jail. The Court reviewed his complaint under 28 U.S.C. § 1915(e) and dismissed all the

claims asserted except the claim against Dr. Burris in his individual capacity for deliberate indifference. *Id*. at Doc. 6. After that partial dismissal, Scrivens attempted to amend his complaint multiple times. *See id*. at Docs. 14, 19. However, the Court denied his multiple requests because he failed to include his proposed amended complaints with his motions to amend, even though the Court sent him multiple blank form complaints for completion. *See id*. at Docs. 15, 21. As a result, on March 15, 2021, Scrivens filed a motion to voluntarily dismiss the case "due to the poor initial filing of his complaint." *Id*. at Doc. 24. The Court notes that, as of the date of this Order, money is still being withdrawn from Scrivens's prison account to pay the total filing fee amount for this dismissed matter.

Just a week after his voluntary dismissal, Scrivens filed the instant suit – a new § 1983 action alleging deliberately indifferent medical care regarding his diabetes against many of the same defendants named in the prior suit. It appears that Scrivens is filing his proposed amended complaint for his previous suit as a new civil matter. He has the right to file his complaint as a new case; however, if he does so, he will be required to pay the full filing fee in the new case, in addition to continuing to pay off the total filing fee amount for his dismissed civil case.

Liberally construing Scriven's filings, it seems that he intends this case to be an amendment to his prior case filings. Because he is self-represented and the rules of the Court can be confusing for even an experienced attorney, the Court would like Scrivens to clarify whether he seeks to reopen his previous case, or whether he seeks to proceed with a new suit, which would require him to pay double filing fees.

Leave to amend is freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). However, as the Court attempted to explain to Scrivens with his prior requests to amend, he must include a proposed amended complaint with his motion seeking to amend. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend

a complaint when a proposed amendment was not submitted with the motion). Scrivens should follow the instructions provided to him by the Court in his previous matter:

> [I]f plaintiff seeks leave to file an amended complaint, he shall file a motion for leave to file an amended complaint and submit (as an attachment to the motion) the proposed amended complaint. . . . The proposed amended complaint needs to be drafted on a Court-provided form, needs to be signed by plaintiff, and must contain a complete caption. Additionally, all claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

*Scrivens v. Lesenbee*, No. 4:20-cv-1127-SRW, Doc. 21 at 4.

As such, the Court orders Scrivens to inform the Court within thirty (30) days of this Order as to whether he wishes to pursue his claims in this instant action, or whether he intends to reopen his previous action and pursue his claims there. The Court will wait until Scrivens has responded to rule on his pending motions in this matter, including his "Motion to Use Existing Forma Pauperis and Certified Account Printout on File with this Court," which the Court construes as a motion to proceed *in forma pauperis*. If the Court were to grant Scriven's motion to proceed *in forma pauperis* in this new action at this time, it would initiate the collection of additional partial filing fee amounts from his prison account.

Accordingly, the Court orders Scrivens to inform the Court **in writing within thirty (30) days of this Order** whether he seeks to proceed with this action or whether he will pursue his claims in his previously filed § 1983 action. The Court further orders that if it does not receive a response from Scrivens within thirty (30) days of this Order, the Court will assume that Scrivens would like to pursue this matter as filed.

So Ordered this 24th day of June, 2021.

*SLR.CR*

_____
**STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE**